UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No.: 18cr5391 WQH |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| MICHAEL ECKHOFF, | |
| Defendant. | |

HAYES, Judge,

The matter before the Court is the motion to reduce sentence under 18 U.S.C. § 3582(c)(1) (ECF No. 98) filed by the Defendant.

**FACTS**

On August 7, 2020, this Court entered Judgment committing Defendant to the custody of the Bureau of Prisons for 60 months for two counts of distribution of methamphetamine in violation of 21 U.S.C. § 841 and 853. Defendant has served approximately fifteen months of his sentence.

Defendant was arrested on this case on February 21, 2019 and released on bond on March 27, 2019. While on bond, Pretrial Services filed numerous petitions which resulted in revocation proceedings on four occasions.

On July 11, 2019, Defendant pled guilty to the counts in the indictment. In late August 2019 while on bond, Defendant was involved in a motorcycle accident. Defendant suffered multiple injuries, including a traumatic subarachnoid hemorrhage. Defendant was hospitalized until September 10, 2019. Following the crash, Defendant was taken into state custody for pending charges and subsequently writ to federal custody on December 5, 2019. This Court continued the sentencing for treatment and evaluation. The Court ordered a competency evaluation. The evaluation found that Defendant suffered a mild neurological disorder due to traumatic brain injury and that the presence of this neurologic disorder did not impair the Defendant's ability to live independently or to participate in the legal proceedings. The Presentence Report detailed Defendant's physical and mental health conditions and Defendant's lengthy criminal history. Between 1997 and 2018, Defendant sustained thirteen convictions for misdemeanor and felony offenses, including possession of methamphetamine for sale, petty theft, possession of cocaine, burglary, and grand theft. The guideline range was 70 to 87 months. The Court imposed the mandatory minimum sentence of 60 months in custody concurrent for both counts and four years of supervised release.

Following his sentence in this case, Defendant was transferred to state custody to serve the remainder of his state sentence. Defendant was returned to federal custody on October 6, 2020. Defendant remains in custody at the Metropolitan Correctional Center in San Diego, California. Medical records indicate Defendant continues to receive treatment for medical conditions, including hypertension, diabetes, epilepsy, and depression. Medical records indicate that Defendant tested positive for the COVID-19 while in state custody. Upon his return to federal custody on October 6, 2020, Defendant was considered COVID recovered, retested, and tested negative.

On November 12, 2020, Defendant filed a motion for release under 18 U.S.C. §3582(c)(1)(A) requesting that this Court resentence him to time served, and in the alternative, to allow him to serve the remainder of his sentence on home confinement.

Defendant asserts that his continued incarceration places him at risk of infection with COVID-19.

Plaintiff United States recognizes that the Center for Disease Control has classified Type 2 diabetes as a risk factor for COVID-19. Plaintiff United States asserts that Defendant remains a danger to the community. Plaintiff United States contends that a reduction of Defendant's sentence to time served would not satisfy the §3553(a) factors based upon the seriousness of his offenses and his serious criminal history. Plaintiff United States further asserts that Defendant continues to receive adequate medical treatment and that the Bureau of Prisons has taken significant measures to contain the spread of the COVID-19 virus.

## RULING OF THE COURT

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *Dillon v. United States*, 560 U.S. 817, 825-26 (2010). However, a narrow exception in § 3582(c)(1)(A) provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that--
> (1) in any case--
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> (i) extraordinary and compelling reasons warrant such a reduction;
> …
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C. § 3582(c)(1)(A).[1]

Section 1B1.13 of the Sentencing Guidelines, adopted before the First Step Act, addressing a motion for sentence reduction by the Director of the Board of Prisons under 18 U.S.C. § 3582(c)(1)(A) states in relevant part:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after consideration of the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> (1)(A) Extraordinary and compelling reasons warrant the reduction. . .
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. The commentary to § 1B1.13 lists four circumstances that qualify as "extraordinary and compelling reasons": (A) medical condition of the defendant; (B) age of the defendant; (C) family circumstances; and (D) "Other reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 n.1. Application Note 1 § 1B1.13 provides for the following extraordinary and compelling reason:

> (A) Medical Condition of the Defendant.--
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii) The defendant is--
> (I) suffering from a serious physical or medical condition,
> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the

---

[1] Plaintiff United States agrees that Defendant has met the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).

   aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

Application Note 1 § 1B1.13.  The Sentencing Guideline provisions were not amended after the enactment of the First Step Act and apply only to a motion for sentence reduction by the Director of the Bureau of Prisons.  This Court takes these sentencing guideline provisions into account in determining whether a reduction is consistent with applicable policy statements issued by the Sentencing Commission.  However, the Court finds that these provisions are not a limitation upon the Court's ability to determine whether a defendant has presented extraordinary and compelling reasons for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

  In this case, Defendant was sentenced to 60 months in the custody of the Bureau of Prisons after entering a plea of guilty to two counts of distribution of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 853.  Defendant admitted in the Plea Agreement that he knowingly sold methamphetamine to a confidential source working with the Federal Bureau of Investigations on two occasions.  Defendant acknowledged that the charges to which he was pleading guilty carried a "mandatory minimum of 5 years." ECF No. 46 at 4.

  The Presentence Report detailed the Defendant's physical and mental health conditions and Defendant's lengthy criminal history beginning in 1997.  Defendant was in a Criminal History Category VI and the guideline range was 70-87 months.  On August 7, 2020, the Court considered all of the facts and circumstances in the Presentence Report and applied the factors under 18 U.S.C. § 3553(a).  The Court granted a downward departure and sentenced the Defendant to the custody of the Bureau of Prisons for 60 months.  The Court concluded that this was the mandatory minimum sentence and the minimum sentence to satisfy the sentencing factors under 18 U.S.C. §3553(a).

  Section 3553(a) provides that the sentencing court must impose a sentence that is "sufficient, but not greater than necessary … (A) to reflect the seriousness of the offense,

to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner[.]" 18 U.S.C. § 3553(a)(2)(A)-(D).  The Court must also consider, among other factors, "the nature and circumstances of the offense and the history and characteristics of the defendant" and the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id*.

These factors weigh against reducing the Defendant's sentence to time served in light of the departure to the mandatory minimum sentence at the time of sentencing and the seriousness of the criminal history.  The need for the sentence "to protect the public from further crimes of the defendant" and "to reflect the seriousness of the offense" under 18 U.S.C. §3553(a) continues to support the sentence imposed.  Reducing this Defendant's sentence to time served would produce an unwarranted disparity among similarly situated defendants and fail to afford adequate deterrence to criminal conduct.  The Court concludes that serving fifteen months of the mandatory minimum 60 month sentence imposed would not be consistent with any of the factors under § 3553(a) and any applicable policy statement issued by the Sentencing Commission.

The record demonstrates that Defendant continues to receive treatment for his physical and mental conditions.  Defendant has recovered from COVID-19 and there is no evidence to demonstrate that the treatment he continues to receive is not adequate.  The facts presented in this record show Bureau of Prisons continues to modify operational plans to address the risk of COVID-19 transmission.  The Court finds that the application of the § 3553(a) factors weigh strongly against reducing Defendant's sentence to time-served and finds that compelling reasons do not warrant such a reduction under § 3582(c).

The Court has no authority to direct the Bureau of Prisons to place a defendant in home confinement.  Once a sentence is imposed, the Bureau of Prisons is responsible to "designate the place of the prisoner's imprisonment."  18 U.S.C. § 3621(b).  Under the

Coronavirus Aid, Relief, and Economic Security Act, enacted March 27, 2020, the Bureau of Prisons may "lengthen the maximum amount to time for which the Director is authorized to place a prisoner in home confinement" if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau of Prisons. Pub. L. No. 116-136, § 12003(b)(2), 134 Stat, 281, 516. On April 3, 2020, the Attorney General gave the Director of the Bureau of Prisons the authority to exercise this discretion at facilities that have seen the greatest incidence of coronavirus transmission. This Court has no authority to direct the exercise of this discretion by the Director of the Bureau of Prisons.

IT IS HEREBY ORDERED that the motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 98) is denied.

Dated: December 31, 2020

Hon. William Q. Hayes
United States District Court